IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ANGELA C. HALE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 119-210 |
| | ) | |
| ANDREW SAUL, Commissioner | ) | |
| of Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, represented by counsel, filed the above-captioned social security appeal on December 10, 2019, and was granted permission to proceed *in forma pauperis*. (Doc. nos. 1, 2, 4.) Summons were issued on December 11, 2019. (Doc. no. 5.) When no further action was taken since issuance of the summons, the Court issued an Order on July 2, 2020, noting the ninety-day service deadline imposed by Rule 4(m) and directing Plaintiff's counsel to inform the Court within seven days whether service has been accomplished. (Doc. no. 6.) Plaintiff did not respond to the Court's July 2nd Order, and the time allotted for service under Rule 4(m) has now expired.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v.

Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c).

Furthermore, the record does not reflect Plaintiff effected service of process within the ninety days allotted by Fed. R. Civ. P. 4(m). Rule 4(m) empowers courts to extend the time for service for good cause shown or, in the absence of good cause, when "other circumstances warrant an extension of time based on the facts of the case." Lepone-Dempsey v. Carroll Cty. Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007); see also Henderson v. United States, 517 U.S. 654, 662-63 (1996); Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132 (11th Cir. 2005) (permitting extension of service period, even in absence of good cause). Circumstances that may justify an extension include evasion of service by a defendant or preclusion of a refiled action due to the statute of limitations. Horenkamp, 402 F.3d at 1132-33 (citing Advisory Committee Note to 1993 Amendment to Rule 4(m)).

Here, Plaintiff's failure to respond to the Court's July 2nd Order amounts not only to a failure to prosecute, but also an abandonment of this case. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, the Court finds that the imposition of

monetary sanctions is not a feasible sanction because Plaintiff is proceeding IFP.

Likewise, the Court concludes Plaintiff failed to timely effect service of process. There is no indication in the record of evasion of service. To the contrary, there is no indication Plaintiff's counsel ever attempted service. The Court raised the service issue *sua sponte* with Plaintiff but was ignored. Thus, for all of these reasons, the case should be dismissed without prejudice.

While the Court is recommending dismissal without prejudice,[1] Plaintiff should consider that the practical effect of dismissal may be with prejudice. This is because a claimant must commence a civil action seeking review of a final decision of the Commissioner of Social Security "within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). This sixty-day deadline, however, "is not jurisdictional, but is a statute of limitations which is waivable by the parties and subject to the doctrine of equitable tolling." Scott v. Colvin, Civ. A. No. 13-0106, 2013 WL 2452313, at *2 n.2 (S.D. Ala. June 5, 2013) (citing Bowen v. City of New York, 476 U.S. 467, 478-80 (1986)). Nevertheless, the law is clear that the mere fact a complaint is dismissed without prejudice does not permit a plaintiff to later file a complaint outside the statute of limitations. Christides v. Comm'r of Soc. Sec., 478 F. App'x 581, 584 (11th Cir. 2012) (*per curiam*) (citing Bost v. Federal Express Corp., 372 F. 3d 1233, 1242 (11th Cir. 2004)).

---

[1] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 14th day of July, 2020, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA